UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL WARZEK,<br><br>                Plaintiff,<br><br>        v.<br><br>VALLEY STATE PRISON, et al.,<br><br>                Defendants. | No. 1:20-cv-00027-ADA-GSA (PC)<br><br>ORDER DENYING MOTION FOR RECONSIDERATION OF ORDER ADOPTING FINDINGS AND RECOMMENDATIONS<br><br>(ECF No. 31) |

Plaintiff Michael Warzek is a state prisoner proceeding *pro se* with this civil rights action pursuant to 42 U.S.C. § 1983.  This case now proceeds with the First Amended Complaint (FAC) filed by Plaintiff on February 4, 2020.  (ECF No. 4.)  On July 12, 2021, the Court screened Plaintiff's FAC under 28 U.S.C. § 1915 and found the following cognizable claims: against defendants Warden Raythel Fisher, Jr., dining hall officer Paez, and culinary staff members Anguiano, Chapas, Lucero, Marquez, Cruz, and Moosebaur for violation of the Religious Land Use and Institutionalized Persons Act (RLUIPA), violation of the First Amendment Free Exercise Clause, and adverse conditions of confinement in violation of the Eighth Amendment; against defendants Warden Raythel Fisher, Jr., and Moosebaur for failure to protect Plaintiff in violation of the Eighth Amendment; and against defendant Moosebaur for retaliation in violation of the First Amendment.  (ECF No. 12.)

///

In the screening order, Plaintiff was required to either (1) file a second amended complaint, or (2) notify the Court that he is willing to proceed with only the cognizable claims identified by the Court. (*Id*.) On August 19, 2021, Plaintiff notified the Court that he is willing to proceed with only the cognizable claims found by the Court. (ECF No. 13.)

On August 27, 2021, the Magistrate Judge issued findings and recommendations, recommending that this action proceed with only the cognizable claims found by the Court against defendants Fisher, Paez, Anguiano, Chapas, Lucero, Marquez, Cruz, and Moosebaur, and that all other claims and Defendants be dismissed. (ECF No. 14.) Plaintiff was granted fourteen (14) days in which to file objections to the findings and recommendations. (*Id*.) Plaintiff did not file objections or any other response to the findings and recommendations. On October 25, 2021, the District Judge adopted the findings and recommendations in full. (ECF No. 15.)

On June 9, 2022, Plaintiff filed a motion for reconsideration of the District Court's October 25, 2021, order adopting the findings and recommendations. (ECF No. 31.) On June 21, 2022, Defendants filed an opposition to that motion. (ECF No. 34.)

## II. MOTION FOR RECONSIDERATION

Rule 60(b) allows the Court to relieve a party from an order for "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief." Fed. R. Civ. P. 60(b). Rule 60(b)(6) "is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances . . ." exist. *Harvest v. Castro*, 531 F.3d 737, 749 (9th Cir. 2008) (internal quotations marks and citation omitted).

///

The moving party "must demonstrate both injury and circumstances beyond his control . . . ." *Id.* (internal quotation marks and citation omitted).  In seeking reconsideration of an order, Local Rule 230(k) requires Plaintiff to show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion."

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (internal quotations marks and citations omitted), and "[a] party seeking reconsideration must show more than a disagreement with the Court's decision, and recapitulation . . . " of that which was already considered by the Court in rendering its decision," *U.S. v. Westlands Water Dist.*, 134 F.Supp.2d 1111, 1131 (E.D. Cal. 2001).  To succeed, a party must set forth facts or law of a strongly convincing nature to induce the Court to reverse its prior decision.  *See Kern-Tulare Water Dist. v. City of Bakersfield*, 634 F.Supp. 656, 665 (E.D. Cal. 1986), affirmed in part and reversed in part on other grounds, 828 F.2d 514 (9th Cir. 1987).

Here, Plaintiff objects to the District Court's decision to dismiss defendant Keene from the First Amended Complaint, pursuant to its October 25, 2021, order adopting the Magistrate Judge's findings and recommendations.  In opposition, Defendants argue that none of the grounds for reconsideration in Rule 60(b) are present here.  Defendants argue: Plaintiff's arguments do not demonstrate that the Magistrate Judge's screening order finding that Plaintiff failed to state a cognizable claim against defendant Keene was "clearly erroneous or contrary to law"; Plaintiff's motion does not point to any new or different facts or law that were not previously available; Plaintiff's recitation of facts largely mirrors the facts in his First Amended Complaint, and to the extent he includes new facts concerning defendant Keene's alleged conduct in relation to the Kosher Diet Program, those facts were available to him since they allegedly took place in 2019; and Plaintiff does not show that the order was secured by fraud.
///

In his motion for reconsideration, Plaintiff brings allegations against defendant Keene that are not present in the First Amended Complaint. (ECF No. 31.) He does not, however, indicate that these allegations are newly-discovered. (*Id.*) Plaintiff cannot add allegations to the complaint in this manner; to add information to the complaint or otherwise change the complaint, Plaintiff must file an amended complaint that is complete in itself. Local Rule 220.

The Court agrees that Plaintiff does not present any newly-discovered evidence or show that the Court committed clear error in its ruling. Nor does he point to any intervening change in controlling law. Instead, Plaintiff merely disagrees with the Court's decision. Accordingly, Plaintiff fails to show any reason the Court should reconsider its prior order, therefore, the Court denies his motion for reconsideration.

Accordingly, it is hereby ordered that Plaintiff's motion for reconsideration, filed on June 9, 2022, is DENIED.

IT IS SO ORDERED.

Dated:   October 5, 2022

_____
UNITED STATES DISTRICT JUDGE