UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL WARZEK,<br><br>       Plaintiff,<br><br>vs.<br><br>VALLEY STATE PRISON, et al.,<br><br>       Defendants. | 1:20-cv-00027-ADA-GSA-PC<br><br>**FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT PLAINTIFF'S MOTION FOR ORDER DIRECTING PRISON OFFICIALS TO ALLOW HIM TO CORRESPOND WITH PLAINTIFFS IN RELATED CASES BE DENIED**<br><br>**(ECF No. 25.)**<br><br>**OBJECTIONS, IF ANY, DUE WITHIN FOURTEEN DAYS** |

**I.  BACKGROUND**

     Plaintiff Michael Warzek is a state prisoner proceeding *pro se* with this civil rights action pursuant to 42 U.S.C. § 1983. On December 26, 2019, fifteen plaintiffs, including Plaintiff Michael Warzek, filed a Complaint commencing this action against Valley State Prison (VSP), et al., for subjecting them to adverse conditions of confinement in violation of the Eighth Amendment by serving substandard food in Kosher meals at VSP. (ECF No. 2.)

On January 7, 2020, the court issued an order severing the fifteen plaintiffs' claims . (ECF No. 1.)  Each of the fifteen plaintiffs was ordered to file an amended complaint in his own case within thirty days.  (Id.)  On February 4, 2020, Plaintiff Michael Warzek filed the First Amended Complaint in this case.  (ECF No. 4.)

On April 19, 2022, Plaintiff filed a Motion for Writ of Mandate in which he requested a court order directing prison officials to allow him to correspond with Plaintiffs in related cases. (ECF No. 25.)

## II. MOTION FOR LEAVE TO CORRESPOND WITH ANOTHER INMATE

Inmates may only correspond with one another if they obtain written authorization from the appropriate prison officials.  Cal. Code Regs., tit. 15 § 3139.  Correspondence by inmates between institutions is connected to legitimate security concerns, such as the possibility of communication of escape plans, plans to arrange violent acts, and improper correspondence between gang members. Turner v. Safley, 482 U.S. 78, 91, 107 S.Ct. 2254, 2263, 96 L.Ed.2d 64 (1987).  Regulations of mail may be imposed barring communication with inmates at other penal facilities, to protect the institutional order and security of the facility where the regulation does not deprive prisoners of all means of expression.  Id. at 92. The Court recognizes that the judgment of corrections officials with respect to correspondence between prison institutions is "a judgment 'peculiarly within [their] province and professional expertise,' [and] should not be lightly set aside by the courts." Id. at 92–93 (quoting Pell v. Procunier, 417 U.S. 817, 827, 94 S.Ct. 2800, 41 L.Ed.2d 495 (1974).

Further, the court does not have jurisdiction in this action over anyone other than Plaintiff and Defendants, and cannot order prison officials to allow Plaintiff to correspond with other inmates.  E.g., City of Los Angeles v. Lyons, 461 U.S. 95, 102, 103 S.Ct. 1660, 1665 (1983); Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc., 454 U.S. 464, 471, 102 S.Ct. 752, 757-58 (1982); Jones v. City of Los Angeles, 444 F.3d 1118, 1126 (9th Cir. 2006).  "[A] federal court may ... not attempt to determine the rights of persons not before the court." Zepeda v. United States Immigration Service, 753 F.2d 719, 727 (9th Cir. 1985).

Plaintiff does not say whether the Plaintiffs in related cases are incarcerated at the same facility as Plaintiff. Importntly, to obtain permission to correspond with another inmate, Plaintiff must follow the policies and procedures in place at the facility where Plaintiff is currently housed. Inmates in California state prisons may initiate requests to correspond with other inmates by contacting their Correctional Counselor. Cal. Code Regs. tit. 15, § 3139(b). Accordingly, Plaintiff's motion shall be denied.

### III.    CONCLUSION AND RECOMMENDATIONS

The court finds that it lacks jurisdiction to grant Plaintiff's motion directing prison officials to allow him to correspond with other inmates. Therefore, based on the foregoing, **IT IS HEREBY RECOMMENDED** that Plaintiff's motion for leave to correspond with Plaintiffs in related cases, filed on April 19, 2022, be DENIED.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after the date of service of these findings and recommendations, any party may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within **fourteen (14) days** after the date the objections are filed. The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **October 31, 2022**                       **/s/ Gary S. Austin**
                                                            UNITED STATES MAGISTRATE JUDGE