UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL WARZEK, | 1:20-cv-00027-ADA-GSA-PC |
| Plaintiff, | **ORDER DENYING PLAINTIFF'S MOTION FOR THE COURT TO ACCEPT HIS GOVERNMENT CLAIM FORM** |
| vs. | |
| VALLEY STATE PRISON, et al., | **(ECF No. 30.)** |
| Defendants. | **ORDER DENYING PLAINTIFF'S MOTION FOR EXTENSION OF TIME** |
| | **(ECF No. 42.)** |

**I.   BACKGROUND**

Plaintiff Michael Warzek is a state prisoner proceeding *pro se* with this civil rights action pursuant to 42 U.S.C. § 1983. The Complaint commencing this action was filed by fifteen plaintiffs on December 26, 2019, as case number 1:19-cv-01797-GSA-PC; Gann v. Valley State Prison. On January 7, 2020, the plaintiffs' claims were severed and a new case was filed for fourteen of the plaintiffs including plaintiff Michael Warzek, as case number 1:20-cv-00027-GSA-PC; Warzek v. Valley State Prison. (ECF No. 1.)

This case now proceeds with Plaintiff's First Amended Complaint filed on February 4, 2020, against defendants Warden Raythel Fisher, Jr., Officer Paez, and Culinary Staff Members Anguiano, Chapas, Lucero, Marquez, Cruz, and Moosbauer[1] ("Defendants") for violation of RLUIPA, violation of the First Amendment Free Exercise Clause, and unconstitutional conditions of confinement in violation of the Eighth Amendment; against defendants Warden

---

[1] Sued as Moosebaur.

Raythel Fisher, Jr. and Culinary Staff Member Moosbauer for failure to protect plaintiff from harm to his health from the Kosher foods served to him, in violation of the Eighth Amendment; and against defendant Culinary Staff Member Moosbauer for retaliation in violation of the First Amendment. (ECF No. 4.)[2]

On January 27, 2022, Defendants filed a motion to dismiss the First Amended Complaint for failure to state a claim, under Federal Rules of Civil Procedure 8(a) and 12(b)(6). (ECF No. 22.) On June 9, 2022, Plaintiff filed an opposition to the motion, and on June 17, 2022, Defendants filed a reply. (ECF Nos. 32, 33.) The motion to dismiss is now pending.

On June 9, 2022, Plaintiff filed a motion for the Court to accept his Government Claim Form. (ECF No. 30.) This motion is pending.

On September 16, 2022, the Court issued findings and recommendations, recommending that Defendants' motion to dismiss the First Amended Complaint be granted in part, with leave to amend. (ECF No. 36.) Plaintiff was granted fourteen days in which to file objections to the findings and recommendations. (Id.) Plaintiff requested and was granted an extension of time until November 14, 2022 in which to file objections. (ECF Nos. 37, 39.) The November 14, 2022 deadline passed and Plaintiff did not file objections to the findings and recommendations. The findings and recommendations have been submitted to the district judge and are currently pending.

On December 16, 2022, Plaintiff filed a motion titled "Motion for Extension of time to Respond to Findings and Recommendations." (ECF No. 42.) This motion is pending.

**II.     MOTION FOR THE COURT TO ACCEPT GOVERNMENT CLAIM FORM**

As mentioned above, on June 9, 2022, Plaintiff filed a motion for the Court to accept his Government Claim Form. (ECF No. 30.) As an exhibit to his motion, Plaintiff submits a copy of a completed State of California Government Claim form dated and signed by Plaintiff on December 18, 2019. (ECF No. 30 at 2-3.)

///

---

[2] On October 25, 2021, the Court issued an order dismissing all other claims and defendants from this action for Plaintiff's failure to state a claim. (ECF No. 15.)

It appears that Plaintiff is seeking to reinstate his state law claims, however Plainitff must first await the resolution of Defendants' pending motion to dismiss. Plaintiff is reminded that his state law claims were dismissed from this case for failure to state a claim in the Court's order issued on October 25, 2021. (ECF No. 30.)

Evidence that Plaintiff complied with the claim requirement must be ***submitted with Plaintiff's complaint***. If Plaintiff is granted leave to amend the First Amended Complaint he must demonstrate in the amended complaint that he complied with the requirements of the Government Claims Act in bringing his state law claims.[3]

Based on the foregoing, Plaintiff's motion for the Court to accept the Government Claim form submitted on June 9, 2022, shall be denied. Plaintiff is informed that the form submitted by him is not sufficient to demonstrate compliance with the requirements of the Government Claims Act. In addition, at this stage of the proceedings Plaintiff has not been granted leave to file a second amended complaint.

### III.     MOTION FOR EXTENSION OF TIME

On December 16, 2022, Plaintiff filed a motion titled "Motion for Extension of time to Respond to Findings and Recommendations," which the Court construes as a motion for extension of time to provide documentation that he complied with the Government Claims Act. (ECF No. 42.) In the motion Plaintiff requests an extension of time until February 14, 2023 to provide documentation to the Court of his proof of compliance with the Government Claims Act in support of his state law claims. Plaintiff provides undated evidence that he has made two requests to the Public Records Officer for a copy of his claim and the claim number assigned to the claim. He indicates that he filed his claim in January 2020.

---

[3] California's Government Claims Act requires that a claim against the State or its employees "relating to a cause of action for death or for injury to person" be presented to the Department of General Services' Government Claims Program no more than six months after the cause of action accrues. Cal. Gov't Code §§ 905.2, 910, 911.2, 945.4, 950-950.2. Presentation of a written claim, and action on or rejection of the claim, are conditions precedent to suit. State v. Superior Court of Kings County (Bodde), 32 Cal.4th 1234, 1245 (Cal. 2004); Mangold v. California Pub. Utils. Comm'n, 67 F.3d 1470, 1477 (9th Cir. 1995).

Plaintiff does not currently have a Court deadline in which to provide proof of compliance with the Government Claims Act. Thus there is no pending deadline for the Court to extend. Therefore, Plaintiff's motion for extension of time shall be denied.

As discussed above in this order, to bring state law claims Plaintiff must submit evidence *with his complaint* that he complied with the Government Claims Act. At this time, Plaintiff's state law claims have been dismissed from this case and Plaintiff has not been granted leave to file an amended complaint. In the event that Plaintiff is granted leave to file an amended complaint, he should provide proof of his compliance with the state claim requirement in the amended complaint.

### IV. CONCLUSION

Therefore, based on the foregoing, **IT IS HEREBY ORDERED** that:

1. Plaintiff's motion for the Court to accept his Government Claim form, filed on June 9, 2022, is DENIED; and
2. Plaintiff's motion for extension of time to comply with the requirements of the Government Claims Act, filed on December 16, 2022. is DENIED.

IT IS SO ORDERED.

Dated: __**December 20, 2022**__             __/s/ Gary S. Austin__
                                              UNITED STATES MAGISTRATE JUDGE