UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL WARZEK, | **1:20-cv-00027-ADA-GSA-PC** |
|         Plaintiff, | **ORDER DENYING PLAINTIFF'S MOTION FOR THE COURT TO ACCEPT HIS GOVERNMENT CLAIM FORM** |
|     vs. | |
| VALLEY STATE PRISON, et al., | **(ECF No. 44.)** |
|         Defendants. | |

## I.    BACKGROUND

Plaintiff Michael Warzek is a state prisoner proceeding *pro se* with this civil rights action pursuant to 42 U.S.C. § 1983.  The Complaint commencing this action was filed by fifteen plaintiffs on December 26, 2019, as case number 1:19-cv-01797-GSA-PC; Gann v. Valley State Prison.  On January 7, 2020, the plaintiffs' claims were severed and a new case was filed for fourteen of the plaintiffs including plaintiff Michael Warzek, as case number 1:20-cv-00027-GSA-PC; Warzek v. Valley State Prison.  (ECF No. 1.)

This case now proceeds with Plaintiff's First Amended Complaint filed on February 4, 2020, against defendants Warden Raythel Fisher, Jr., Officer Paez, and Culinary Staff Members Anguiano, Chapa,[1] Lucero, Marquez, Cruz, and Moosbauer[2] ("Defendants") for violation of RLUIPA, violation of the First Amendment Free Exercise Clause, and unconstitutional conditions of confinement in violation of the Eighth Amendment; against defendants Warden

---

[1] Sued as Chapas.

[2] Sued as Moosebaur.

Raythel Fisher, Jr. and Culinary Staff Member Moosbauer for failure to protect plaintiff from harm to his health from the Kosher foods served to him, in violation of the Eighth Amendment; and against defendant Culinary Staff Member Moosbauer for retaliation in violation of the First Amendment. (ECF No. 4.)[3]

On January 27, 2022, Defendants filed a motion to dismiss the First Amended Complaint for failure to state a claim, under Federal Rules of Civil Procedure 8(a) and 12(b)(6).  (ECF No. 22.)   On June 9, 2022, Plaintiff filed an opposition to the motion, and on June 17, 2022, Defendants filed a reply.  (ECF Nos. 32, 33.)  The motion to dismiss is pending.

On February 21, 2023, Plaintiff filed a motion for the Court to accept his Government Claim Form.  (ECF No. 44.)

## II.    LEGAL STANDARD

California's Government Claims Act requires that a claim against the State or its employees "relating to a cause of action for death or for injury to person" be presented to the Department of General Services' Government Claims Program no more than six months after the cause of action accrues.  Cal. Gov't Code §§ 905.2, 910, 911.2, 945.4, 950-950.2.  Presentation of a written claim, and action on or rejection of the claim, are conditions precedent to suit.  State v. Superior Court of Kings County (Bodde), 32 Cal.4th 1234, 1245 (Cal. 2004); Mangold v. California Pub. Utils. Comm'n, 67 F.3d 1470, 1477 (9th Cir. 1995).  **Suit must be commenced not later than six months after the date the written notice is deposited in the mail**, Cal. Gov't Code § 945.6(a)(1) (emphasis added, quotation marks omitted); Clarke v. Upton, 703 F.Supp.2d 1037, 1043 (E.D. Cal. 2010).

## III.    PLAINTIFF'S MOTION

On February 21, 2023, Plaintiff filed a motion for the Court to accept his Government Claim Form in support of his state court claims.  (ECF No. 44.)  As an exhibit to his motion, Plaintiff submitted evidence that the Government Claims Department received his $25.00

---

[3] On October 25, 2021, the Court issued an order dismissing all other claims and defendants from this action for Plaintiff's failure to state a claim. (ECF No. 15.)

payment by check no. 198-0915054 dated January 16, 2020.  (ECF No. 44 at 4.)  Plaintiff also submitted page 1 of 2 of his California Government Claim form, which is stamped "Received" on January 21, 2020.  Plaintiff submits no evidence, however, that his claim was granted or denied, or that he was excused from complying with the claim requirement.

More importantly, there is no evidence that Plaintiff timely filed this lawsuit within six months of compliance with the claims requirement.  Instead, evidence shows that Plaintiff filed this case on January 7, 2020, *before* he attempted to comply with the Government Claims Act.[4]

Plaintiff is reminded that his state law claims were dismissed from this case for failure to state a claim in the Court's order issued on October 25, 2021.  (ECF No. 15.)  Evidence that Plaintiff complied with the Government Claims Act requirement was not submitted with his original Complaint, his First Amended Complaint, or this motion.  Based on the foregoing, Plaintiff's motion for the Court to accept the Government Claim form, filed on February 23, 2023, must be denied.

## IV.    CONCLUSION

Accordingly, **IT IS HEREBY ORDERED** that Plaintiff's motion for the Court to accept his Government Claim form, filed on February 23, 2023, is DENIED.

IT IS SO ORDERED.

Dated:   __March 26, 2023__            _____/s/ Gary S. Austin_____
                                                   UNITED STATES MAGISTRATE JUDGE

---

[4] California's Government Claims Act requires that a claim against the State or its employees "relating to a cause of action for death or for injury to person" be presented to the Department of General Services' Government Claims Program no more than six months after the cause of action accrues.  Cal. Gov't Code §§ 905.2, 910, 911.2, 945.4, 950-950.2.  Presentation of a written claim, and action on or rejection of the claim, are conditions precedent to suit.  State v. Superior Court of Kings County (Bodde), 32 Cal.4th 1234, 1245 (Cal. 2004); Mangold v. California Pub. Utils. Comm'n, 67 F.3d 1470, 1477 (9th Cir. 1995). **Suit must be commenced not later than six months after the date the written notice is deposited in the mail**, Cal. Gov't Code § 945.6(a)(1) (emphasis added, quotation marks omitted); Clarke v. Upton, 703 F.Supp.2d 1037, 1043 (E.D. Cal. 2010)