1
2
3
4
5
6
7

8           UNITED STATES DISTRICT COURT

9        FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   MICHAEL WARZEK,                          No.  1:20-cv-00027-ADA-GSA (PC)

12              Plaintiff,                     ORDER ADOPTING FINDINGS AND
                                               RECOMMENDATIONS, IN PART, AND
13        v.                                   GRANTING DEFENDANTS' RULE 12(b)(6)
                                               MOTION TO DISMISS IN PART, WITH
14   VALLEY STATE PRISON, et al.,              PARTIAL LEAVE TO AMEND

15              Defendants.                    (ECF Nos. 4, 22, 47)

16

17          Plaintiff Michael Warzek ("Plaintiff") is a state prisoner proceeding pro se with this civil

18   rights action filed pursuant to 42 U.S.C. § 1983.  The matter was referred to a United States

19   Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

20          On March 27, 2023, the Magistrate Judge entered amended findings and recommendations

21   recommending that Defendants' motion to dismiss filed on January 27, 2022, be granted in part,

22   without leave to amend.  (ECF No. 47.)  The findings and recommendations also recommended

23   that this case proceed against Defendants Fisher and Moosbauer for violation of the Religious Land

24   Use and Institutionalized Persons Act (RLUIPA), violation of the First Amendment Free Exercise

25   Clause, adverse conditions of confinement in violation of the Eighth Amendment, failure to protect

26   Plaintiff in violation of the Eighth Amendment, and violation of Plaintiff's rights to equal

27   protection; against Defendant Cruz for adverse conditions of confinement in violation of the Eighth

28   Amendment; and against Defendant Moosbauer for retaliation in violation of the First Amendment;

and that the Court dismiss all other claims and defendants, with prejudice, for Plaintiff's failure to state a claim.  (*Id.* at 58.)   On May 3, 2023, Plaintiff filed objections to the findings and recommendations.  (ECF No. 50.)

In his objections, Plaintiff first argues that he satisfies the claim presentation requirement pursuant to California Government Code § 900 et seq.  (ECF No. 50 at 1.)  Plaintiff states that he "bears no responsibility for the time lapse once the claim is presented to an agent of the state."  (*Id.* at 2.)  As mentioned in the findings and recommendations, Plaintiff claims that Defendants have violated California Regulations under Title 15 and Title 3 of the California Code of Regulations, which requires Plaintiff to satisfy the claim presentation requirement contained in California Government Code § 900 et seq.  *See State v. Superior Court (Bodde)*, 32 Cal. 4th 1234, 1237 (2004) ("[A] plaintiff must timely file a claim for money or damages with the public entity.  (§ 911.2.) The failure to do so bars the plaintiff from bringing suit against that entity.  (§ 945.4.)").  In his First Amended Complaint ("FAC"), Plaintiff failed to provide evidence that he timely submitted a government claim.  (ECF No. 47 at 57.)  Plaintiff's objections do not address the Magistrate Judge's concerns about the timeliness of his government claim submission.  (*Id.*)

Secondly, Plaintiff objects to the findings with respect to Defendant Cruz, particularly the findings on supervisory liability.  (ECF No. 50 at 3-4.)  "A supervisor is only liable for the constitutional violations of . . . subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them."  *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).  Upon review of the FAC, Plaintiff fails to state a claim against Defendant Cruz because he did not establish a causal connection between supervisor conduct and the deprivation of Plaintiff's constitutional right.  Plaintiff solely alleges that Defendant Cruz refused to send replacement meals and allowed for the theft of items inside the Kosher meals, and this allegation alone does not establish supervisory liability.  *Cf. Johnson v. Duffy*, 588 F.2d 740, 743-44 (9th Cir. 1978) (holding that the defendant had the responsibility of transferring the plaintiff to a different institution and that he had not delegated his duty, which may subject the defendant to section 1983 liability).

However, in his objections, Plaintiff states that Defendant Cruz "has the keys to and controls

access to the kosher food cart." (ECF No. 50 at 3-4.)  Plaintiff further explains that Defendant Cruz also unlocks the cart so that other officers can compromise the meals.  (*Id.*)  Defendant Cruz appears to have directly participated as a supervisor.  Given these allegations, the Court will grant Plaintiff the opportunity to amend his complaint.  *See Moss v. U.S. Secret Serv.*, 572 F.3d 962, 972 (9th Cir. 2009) ("Courts are free to grant a party leave to amend whenever 'justice so requires,' and requests for leave should be granted with 'extreme liberality.'").  Because it would not be futile to give Plaintiff the opportunity to amend his complaint, the Court grants leave to amend only his claims against Defendant Cruz and no other Defendants or claims.  *Brown v. Stored Value Cards, Inc.*, 953 F.3d 567, 574 (9th Cir. 2020) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

Lastly, Plaintiff objects to the findings and recommendation that Defendant Paez be dismissed.  (ECF No. 50 at 4-6.)  The Court declines to adopt the Magistrate Judge's findings and recommendations with respect to the First Amendment retaliation claim against Defendant Paez. Plaintiff argues that Defendant Paez did more than verbalize his discrimination towards Plaintiff. (*Id.* at 5.)  The Magistrate Judge characterizes Plaintiff's allegations against Defendant Paez as vague and conclusory, failing to state any claims.  (ECF No. 47 at 41.)

However, Plaintiff alleges that Defendant Paez threatened Plaintiff with Rules Violation Reports, retaliatory searches, and removal from the institution, in response to "attempts to having spoiled meals exchanged at the dining hall." (*Id.* at 40; ECF No. 4 at 14.)  Plaintiff alleges protected conduct under the First Amendment.  *See Gathrite v. Wilson*, No. 3:19-cv-01852-JAH-NLS, 2020 WL 4201668, at *6 (S.D. Cal. July 22, 2020) (holding that an informal, verbal complaint submitted to a superior constitutes protected activity); *Ahmed v. Ringler*, No. 2:13-cv-1050 MCE DAD P, 2015 WL 502855, at *4 (E.D. Cal. Feb. 5, 2015) (holding that inmate's verbal complaints about improper search of cell and seizure of his property to superior constituted protected conduct); *Hackworth v. Torres*, No. 1:06-CV-773-RCC, 2011 WL 1811035, at *1 (E.D. Cal. May 12, 2011) (rejecting the defendant's argument that prisoner's verbal objections to a prison policy during housing classification committee meeting with prison staff was not protected by the First Amendment because the inmate had not filed a written grievance); *see also Leslie v. Claborne*, 1:19-cv-00366-NONE-GSA-PC, 2021 WL 4523720, at *4 (E.D. Cal. Oct. 4, 2021) (finding the

1    plaintiff's reporting of officer misconduct to a captain was protected); *Uribe v. McKesson*, No.

2    08CV01285 DMS (NLS), 2011 WL 9640, at *12 (concluding that prisoner's attempt to report a

3    prison official's misconduct, either "verbally or in writing, constitutes speech or conduct entitled to

4    First Amendment protection").

5        Contrary to the Magistrate Judge's findings, Defendant Paez's alleged conduct chilled

6    Plaintiff's exercise of First Amendment rights because it may be inferred that Defendant Paez's

7    conduct deterred Plaintiff from further asking for exchanged meals.  *See Watison v. Carter*, 668

8    F.3d 1108, 1116 (9th Cir. 2012) (reversing dismissal of retaliation claim and holding that "chilling

9    effect" pleading element was satisfied where prisoner alleged that guard refused to serve him one

10   breakfast in retaliation for filing an inmate grievance); *Martin v. Hurtado*, No. 07cv0598 BTM

11   (RBB), 2008 WL 4145683, at *9 (S.D. Cal. Sept. 3, 2008) (denying motion to dismiss a retaliation

12   claim for failure to allege chilling effect where the plaintiff alleged he had his television confiscated

13   because this harm would chill the exercise of First Amendment rights); *Rhodes v. Robinson*, 408

14   F.3d 559, 568 (9th Cir. 2005) ("[A]t the pleading stage, we have *never* required a litigant, *per*

15   *impossible*, to demonstrate a total chilling of his First Amendment rights . . to perfect a retaliation

16   claim.").

17       On a motion to dismiss, "[t]he issue is not whether a plaintiff will ultimately prevail but

18   whether the claimant is entitled to offer evidence to support the claims."  *Jackson v. Carey*, 353

19   F.3d 750, 755 (9th Cir. 2003) (internal quotation marks and citation omitted).  In fact, "it may

20   appear on the face of the pleadings that a recovery is very remote and unlikely but that is not the

21   test."  *Id.* (internal quotation marks and citation omitted).  For all the foregoing reasons, the Court

22   finds Plaintiff's FAC alleges sufficient facts to plausibly suggest that he is entitled to relief under

23   his First Amendment retaliation claim against Defendant Paez.

24       In accordance with the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Rule 304, this

25   Court has conducted a de novo review of this case.  Having carefully reviewed the entire file,

26   including Plaintiff's objections, the Court finds the findings and recommendations to be supported

27   by the record and proper analysis, except as described below.

28   ///

Accordingly,

1.   The amended findings and recommendations issued on March 27, 2023, (ECF No. 47), are ADOPTED IN PART;

2.   Defendants' motion to dismiss, filed on January 27, 2022, (ECF No. 22), is GRANTED IN PART, with leave to amend only claims made against Defendant Cruz;

3.   This case will proceed with the First Amended Complaint filed on February 4, 2020, (ECF No. 4), against:

   (1)   Defendants Fisher and Moosbauer for violation of RLUIPA, violation of the First Amendment Free Exercise Clause, adverse conditions of confinement in violation of the Eighth Amendment, failure to protect Plaintiff in violation of the Eighth Amendment, and violation of Plaintiff's rights to equal protection;

   (2)   Defendant Paez for violation of Plaintiff's First Amendment right against retaliation;

   (3)   Defendant Cruz for adverse conditions of confinement in violation of the Eighth Amendment; and

   (4)   Defendant Moosbauer for retaliation in violation of the First Amendment;

4.   All other claims and defendants in the First Amended Complaint, excluding Plaintiff's claims against Defendant Cruz, are DISMISSED with prejudice for Plaintiff's failure to state a claim; and

5.   This case is referred back to the Magistrate Judge for further proceedings.


IT IS SO ORDERED.

   Dated:   September 12, 2023

_____
UNITED STATES DISTRICT JUDGE