UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL WARZEK,<br><br>　　　　　Plaintiff,<br><br>　　vs.<br><br>VALLEY STATE PRISON, et al.,<br><br>　　　　　Defendants. | 1:20-cv-00027-ADA-GSA-PC<br><br>**ORDER REQUIRING PLAINTIFF TO EITHER:**<br><br>**(1) FILE A SECOND AMENDED COMPLAINT, PURSUANT TO THE COURT'S ORDER ISSUED ON SEPTEMBER 12, 2023,**<br><br>**OR**<br><br>**(2) NOTIFY THE COURT THAT HE WISHES TO STAND ON THE FIRST AMENDED COMPLAINT**<br><br>**DEADLINE: OCTOBER 6, 2023** |

**I.　BACKGROUND**

　　Plaintiff Michael Warzek is a state prisoner proceeding *pro se* with this civil rights action pursuant to 42 U.S.C. § 1983.

　　On September 12, 2023, the Court issued an order adopting in part the March 27, 2023 amended findings and recommendations issued by the Magistrate Judge. (ECF No. 51.) The order determined that this case now proceeds with the First Amended Complaint filed on

1

February 4, 2020, against (1) Defendants Fisher and Moosbauer for violation of RLUIPA, violation of the First Amendment Free Exercise Clause, adverse conditions of confinement in violation of the Eighth Amendment, failure to protect Plaintiff in violation of the Eighth Amendment, and violation of Plaintiff's rights to equal protection; (2) Defendant Paez for violation of Plaintiff's First Amendment right against retaliation; (3) Defendant Cruz for adverse conditions of confinement in violation of the Eighth Amendment; and (4) Defendant Moosbauer for retaliation in violation of the First Amendment. (Id. at 5.)

Also in the order, Plaintiff was granted leave to amend ***only the claims made against Defendant Cruz***. (Id.) Accordingly, Plaintiff shall be granted **until October 6, 2023**, in which to file a Second Amended Complaint amending only the claims made against Defendant Cruz.

However, Plaintiff is not <u>required</u> to file a Second Amended Complaint and may stand on the First Amended Complaint.

## II.     PLAINTIFF'S CHOICES

### A.     File a Second Amended Complaint

If Plaintiff chooses to file a Second Amended Complaint:

The Second Amended Complaint should be brief, but pursuant to the September 12, 2023 order, Plaintiff should re-state his cognizable claims against (1) Defendants Fisher and Moosbaur for violation of RLUIPA, violation of the First Amendment Free Exercise Clause, adverse conditions of confinement in violation of the Eighth Amendment, failure to protect Plaintiff in violation of the Eighth Amendment, and violation of Plaintiff's rights to equal protection; (2) Defendant Paez for violation of Plaintiff's First Amendment right against retaliation; (3) Defendant Cruz for adverse conditions of confinement in violation of the Eighth Amendment; and (4) Defendant Moosbauer for retaliation in violation of the First Amendment. In addition, Plaintiff is allowed to amend his claims against Defendant Cruz. However, **Plaintiff may not reinstate any of the claims and defendants that were dismissed with prejudice by the September 12, 2023 order.**

Within the parameters stated above, Plaintiff must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights. Fed. R. Civ. P. 8(a);

Ashcroft v. Iqbal, 556 U.S. 662, 676-677 (2009); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). There is no *respondeat superior* liability, and each defendant is only liable for his or her own misconduct. Iqbal, 556 U.S. at 676-677. Plaintiff must set forth "sufficient factual matter . . . to 'state a claim that is plausible on its face.'" Id. at 677 (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). Plaintiff must also demonstrate that each defendant *personally* participated in the deprivation of his rights. Jones, 297 F.3d at 934 (emphasis added). In order to hold an individual defendant liable, Plaintiff must name the individual defendant, describe where that defendant is employed and in what capacity, and explain how that defendant acted under color of state law. Plaintiff should state clearly, in his own words, what happened. Plaintiff must describe what each defendant, *by name*, did to violate the particular right described by Plaintiff.

Plaintiff is advised that a short and simple statement of his claim will speed the screening of his case, and will help the litigation proceed in a more efficient manner. Twenty-five pages is more than sufficient for Plaintiff to identify his claims and set forth specific facts in support of those claims. Plaintiff should carefully review the court's order and only include the claims he believes are cognizable. Accordingly, Plaintiff's Second Amended Complaint may not exceed twenty-five pages in length, and it will be stricken from the record if it violates this page limitation.

If Plaintiff decides to file a Second Amended Complaint, he is reminded that an amended complaint supersedes the original complaint, Lacey v. Maricopa County, 693 F 3d. 896, 907 n.1 (9th Cir. 2012) (*en banc*), and it must be complete in itself without reference to the prior or superseded pleading, Local Rule 220. Therefore, in the Second Amended Complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. The Second Amended Complaint should be clearly and boldly titled "Second Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury.

If Plaintiff selects this choice, he must file a Second Amended Complaint as described in this order **on or before October 6, 2023**.

### B. Stand on the First Amended Complaint

If Plaintiff chooses to stand on the First Amended Complaint, this case shall proceed with the First Amended Complaint filed on February 4, 2020, against only (1) Defendants Fisher and Moosbauer for violation of RLUIPA, violation of the First Amendment Free Exercise Clause, adverse conditions of confinement in violation of the Eighth Amendment, failure to protect Plaintiff in violation of the Eighth Amendment, and violation of Plaintiff's rights to equal protection; (2) Defendant Paez for violation of Plaintiff's First Amendment right against retaliation; (3) Defendant Cruz for adverse conditions of confinement in violation of the Eighth Amendment; and (4) Defendant Moosbauer for retaliation in violation of the First Amendment. **The claims and defendants dismissed, with prejudice, by the September 12, 2023 order, shall remain dismissed.** In addition, Plaintiff will not be allowed to amend his claims against Defendant Cruz.

If Plaintiff selects this choice, he must notify the Court **on or before October 6, 2023**, that he chooses to stand on the First Amended Complaint.

### III. CONCLUSION

Based on the foregoing, it is **HEREBY ORDERED** that:

1. The Clerk's Office shall send Plaintiff a civil rights complaint form;
2. **On or before October 6, 2023**, Plaintiff is required to **EITHER**:
    - **(1)** File a Second Amended Complaint as described in this order;
        **OR**
    - **(2)** Notify the Court in writing that he stands on the First Amended Complaint;
3. Plaintiff shall caption the Second Amended Complaint, if any, "Second Amended Complaint" and refer to the case number 1:20-cv-00027-ADA-GSA-PC;
4. The Second Amended Complaint, if any, may not exceed twenty-five pages in length, and it will be stricken from the record if it violates this page limitation; and

5. If Plaintiff fails to comply with this order, this action will be dismissed in its entirety for failure to comply with the Court's order.

IT IS SO ORDERED.

Dated:   **September 14, 2023**                              **/s/ Gary S. Austin**
                                                        UNITED STATES MAGISTRATE JUDGE