UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL WARZEK,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>VALLEY STATE PRISON, et al.,<br><br>　　　　　Defendants. | No.  1:20-cv-00027 NODJ GSA (PC)<br><br>ORDER RECOMMENDING SUMMARY DENIAL OF PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT<br><br>(ECF No. 60)<br><br>ORDER GRANTING DEFENDANTS' MOTION FOR ADMINISTRATIVE RELIEF RE:  MODIFICATION OF SCHEDULING ORDER<br><br>(ECF No. 61) |

　　　　Plaintiff, a state prisoner proceeding pro se, has filed this civil rights action seeking relief under 42 U.S.C. § 1983.  The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

　　　　Before this Court are Plaintiff's motion for summary judgment and Defendants' motion for administrative relief with respect to modification of the discovery and scheduling order.  ECF Nos. 60, 61.  For the reasons stated below, Plaintiff's motion for summary judgment will be summarily denied.  In addition, Defendants' motion for administrative relief will be granted.

1

I. **PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

    A. <u>Plaintiff's Motion</u>

Plaintiff's motion for summary judgment consists is a one-page in length. <u>See</u> ECF No. 60. It reads, in its entirety as follows:

> Plaintiff Michael Warzek a state prisoner proceeding pro se with this Civil Rights action pursuant to 42 U.S.C. § 1983 does hereby Motion this Honerable Court for Summery Judgment.
>
> Plaintiff believes this Court is clear on the matters involved in this action due to the Courts various statements in response to this action, repulsed that such events could occur in the U.S.A. in this day and age.
>
> Plaintiff does not believe that further testimony would be of benifit and so motions for summery judgment.

ECF No. 60 (errors in original).

    B. <u>Applicable Law</u>

Federal Rule of Civil Procedure 56 clearly identifies the information that must be included in a motion for summary judgment. It states in relevant part:

> (a) Motion for Summary Judgment or Partial Summary Judgment. A party may move for summary judgment, identifying each claim or defense--or the part of each claim or defense--on which summary judgment is sought. The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. The court should state on the record the reasons for granting or denying the motion.
>
> . . . .
>
> (c) Procedures.
>     (1) Supporting Factual Positions. A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:
>
>     (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
>
>     (B) showing that the materials cited do not establish the absence or presence of a genuine dispute,

or that an adverse party cannot produce admissible evidence to support the fact.

(2) Objection That a Fact Is Not Supported by Admissible Evidence.  A party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence.

(3) Materials Not Cited.  The court need consider only the cited materials, but it may consider other materials in the record.

(4) Affidavits or Declarations.  An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated.

Fed. R. Civ. P. 56(a), (c).  Local Rule 260 also indicates what should be in a motion for summary judgment.  See generally ECF No. 260(a), (c), (f).

C. Analysis

Plaintiff's motion due to its deficiencies must be denied as it fails to provide any of the information Federal Rule 56 and Local Rule 260 require and therefore should be summarily denied.  Plaintiff's motion simply makes broad sweeping and unsupported generalizations about the strength of Plaintiff's case.  Sweeping conclusory allegations will not support a motion for summary judgment.  See Leer v. Murphy, 844 F.2d 628, 633-34 (9th Cir. 1988); Ivey v. Bd. of Regents of Univ. of Alaska, 673 F.2d 266, 268 (9th Cir. 1982) (stating vague, conclusory allegations of official participation in civil rights violations not sufficient to withstand motion to dismiss).

Furthermore, the undersigned notes that on October 25, 2023, it provided Plaintiff with a Rand notice in its discovery and scheduling order.  See ECF No. 55 at 11.  The notice provided Plaintiff basics into what constitutes both a motion for summary judgment and an opposition to a motion for summary judgment [1].  Consequently, Plaintiff is not excused from abiding by and including the required format and content requirements in his summary judgment motion. For

---

[1] This order also provides useful information to Plaintiff as well about what constitutes a proper motion for summary judgment.  Should Plaintiff choose to file another summary judgment motion, Plaintiff would do well to review the Rand notice, this order and any and all other relevant local and federal rules.

these reasons, the undersigned will recommend that Plaintiff's motion for summary judgment be summarily denied without prejudice. In the interests of justice, should Plaintiff wish to file a proper motion, he will be afforded another opportunity to do so.

## II. DEFENDANTS' MOTION FOR ADMINISTRATIVE RELIEF

In Defendants' motion for administrative relief, they request the Court to modify the scheduling order pending the resolution of their exhaustion-based motion for summary judgment. See ECF No. 61 at 2. In support of the motion, counsel for Defendants states that currently Defendants' exhaustion-based motion for summary judgment is due March 1, 2024,[2] and the discovery deadline is February 16, 2024. See id. at 3. As a result, Counsel requests on behalf of Defendants that the discovery deadline be stayed because depending upon how Defendants' exhaustion-based motion is resolved, going through the discovery process may not be necessary. See id. A grant of the motion, Counsel further contends, will not otherwise delay adjudication of these proceedings. Id.

A review of the discovery and scheduling order due dates indicates that counsel's assertion that the due date for discovery is February 16, 2024 (see ECF No. 61 at 2), is incorrect. In the discovery and scheduling order, discovery closes on April 19, 2024. See ECF No. 55 at 6. Despite this fact, the Court understands the importance of resolving the exhaustion-based motion for summary judgment prior to conducting further discovery or receiving pretrial motions. Therefore, Defendants' motion will be granted. The discovery and pretrial motion dates in the Court's discovery and scheduling order will be vacated.

Accordingly, IT IS HEREBY ORDERED that:

1. Defendants' motion for administrative relief to modify the discovery and scheduling order (ECF No. 61) is GRANTED;

2. The discovery deadline currently set for April 19, 2024 (see ECF No. 55 at 6), is hereby VACATED, and

---

[2] On January 24, 2024, the Court modified the original discovery and scheduling order and granted Defendants' request for an extension of time to file their exhaustion-based motion for summary judgment. See ECF No. 59.

3.  The pretrial motion deadline currently set for June 21, 2024 (see ECF No. 55 at 7), is also VACATED.

IT IS FURTHER RECOMMENDED that Plaintiff's motion for summary judgment (ECF No. 60) be SUMMARILY DENIED without prejudice.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be served and filed within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **February 9, 2024**                       /s/ Gary S. Austin
                                                                  UNITED STATES MAGISTRATE JUDGE