1
2
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT

9              FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   MICHAEL WARZEK,                          No.  1:20-cv-00027 KES GSA (PC)

12                  Plaintiff,                 ORDER DENYING PLAINTIFF'S MOTION
                                               FOR ADMINISTRATIVE RELIEF AND
13           v.                                MOTION TO MODIFY SCHEDULING
                                               ORDER AS MOOT
14   VALLEY STATE PRISON, et al.,
                                               (ECF No. 68)
15                  Defendants.

16

17          Plaintiff, a state prisoner proceeding pro se, has filed this civil rights action seeking relief

18   under 42 U.S.C. § 1983.  The matter was referred to a United States Magistrate Judge pursuant to

19   28 U.S.C. § 636(b)(1)(B) and Local Rule 302.  Plaintiff has paid the filing fee.  See 4/13/20

20   docket entry.  The matter is at the dispositive motion phase of the proceedings.  See ECF Nos. 65,

21   69, 70, 71 (Defendants' motion for summary judgment, Plaintiff's response to statement of

22   undisputed facts; Plaintiff's response and objections to summary judgment motion; Defendants'

23   reply to response, respectively).

24          Before this Court for consideration is Plaintiff's motion for administrative relief and

25   motion to modify the discovery and scheduling order.  ECF No. 68.  For the reasons stated below,

26   the motion will be denied as moot.

27

28

                                                   1

1      I.    PLAINTIFF'S MOTION

2           In Plaintiff's motion for administrative relief and motion to modify the scheduling order,

3      he requests that the discovery deadline be postponed until after the Court has considered his

4      response to Defendants' motion for summary judgment.  See id.  He further states that this motion

5      is key to any future filings in this case.  Id.  Accompanying this motion, Plaintiff has also

6      simultaneously filed a response to Defendants' statements of undisputed facts (ECF No. 69), and

7      a response and objections to Defendants' motion for summary judgment (ECF No. 70).

8      Defendants, in turn, have filed a reply to Plaintiff's response to their summary judgment motion.

9      ECF No. 71.

10     II.    DISCUSSION

11          Plaintiff's motion will be denied for several reasons.  First, it is unclear precisely what

12     Plaintiff is requesting.  If the Court takes the language in the motion literally, Plaintiff is asking

13     the Court to first review his response (opposition) to Defendants' motion for summary judgment,

14     and then after adjudicating it modify the discovery and scheduling order so that discovery ends

15     forty-five days thereafter.  See generally ECF No. 68.

16          The Court cannot do this.  The exhaustion-based discovery deadline was March 8, 2024.

17     See ECF No. 64.   If Plaintiff had questions or concerns about the discovery process, and/or his

18     ability to timely file appropriate responses to any motions filed by Defendants, he should have

19     filed a motion to modify the discovery and scheduling order before that deadline.

20          Furthermore, in Plaintiff's response to Defendants' statements of undisputed facts,

21     Plaintiff shows that he is aware that refuting Defendants' statement of undisputed facts is likely

22     necessary.  See ECF No. 69 (brackets added) (Plaintiff writing, "If the Court wants full refutation

23     [sic] of [Defendants' statement of undisputed facts] [I] request[s] thirty days for compliance.").

24     Given that he made the request in May of 2024, Plaintiff has had ample time to file a proper

25     response to Defendants' statement of undisputed facts or to request an extension of time to do so.

26          Finally, Plaintiff has filed a substantive response (opposition) to the motion for summary

27     judgment.  See ECF No. 70.  Defendants have filed a reply to Plaintiff's response.  See ECF No.

28     71.  Therefore, on its face, the matter is fully briefed.  As a result, the Court deems it submitted

and Plaintiff's instant motion for administrative relief to modify the discovery and scheduling order is moot.  For these reasons, the Court will deny the motion as such.  If, however, Defendants' motion for summary judgment is denied on the question of exhaustion, the Court will modify the discovery and scheduling order and calendar new dates for merit-based discovery and related dispositive motion dates.

Accordingly, IT IS HEREBY ORDERED that Plaintiff's motion for administrative relief and motion to modify the scheduling order (ECF No. 68) is DENIED as MOOT.

IT IS SO ORDERED.

Dated:   **March 27, 2025**              **/s/ Gary S. Austin**
                                   UNITED STATES MAGISTRATE JUDGE

3